# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL MORALES, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:12-CV-0332-P-BH |
| | ) | |
| MAUREEN CRUZ, Warden, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be dismissed without prejudice for lack of jurisdiction.

## I. BACKGROUND

Petitioner, an inmate in the federal prison system currently incarcerated at the Federal Correctional Institution in Seagoville, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his incarceration and future deportation based on his conviction in the Eastern District of Texas for illegal re-entry by a previously removed alien. *See United States v. Morales-Salazar*, No. 4:10-cr-103-RAS (E.D. Tex. March 7, 2011). Warden Cruz is the respondent.

Petitioner is a citizen of Mexico and former legal permanent resident of the United States. (Pet. at 5; Cause No. 4:10-cr-103, doc. 19). On July 7, 1993, he pled guilty in Collin County to aggravated assault and was sentenced to a probated sentence. (Response App'x at 14-15). On February 14, 2007, he was convicted of theft over $500 and less than $1500. *Id*. at 18. Immigration officials subsequently sought his removal because he had been convicted of an aggravated felony and two crimes involving moral turpitude. Upon order of the Immigration Judge dated November 30, 2000, petitioner was deported on December 2, 2000, based on his convictions. *Id*. at 1, 18.

Petitioner re-entered the United States. He was charged with illegal re-entry of a deported

alien in the Eastern District of Texas, and after pleading guilty, he was sentenced to 51 months confinement on May 9, 2004. *United States v. Morales-Salazar*, No. 4:03-cr-0130-PNB (E.D. Tex. May 6, 2004). After serving his sentence, he was deported on June 13, 2007. (Resp. App'x at 1). On or about April 12, 2010, petitioner was again found to be in the United States unlawfully. *Id.* at 2. He was again charged with unlawful re-entry, again pled guilty, and is currently serving a 63-month sentence for this conviction. *United States v. Morales-Salazar*, No. 4:10-cv-103-RAS, docs. 1, 21, 26. Petitioner did not directly appeal this sentence.

On December 2, 2011, petitioner filed a motion to re-open his removal proceedings with the Executive Office for Immigration Review Immigration Court in Dallas, Texas. (Pet. at 2; Resp. App'x at 17-18). Petitioner alleged that he was entitled to discretionary relief from removal and that the attorney who represented him in his aggravated assault case did not advise him of the immigration consequences of his guilty plea. (Resp. App'x at 18, 21). On January 24, 2012, his motion to reopen was denied because: 1) it was not filed within ninety days after the final order of removal entered on November 30, 2000; 2) petitioner had not presented *prima facie* evidence that he was eligible for relief from removal because of ineffective assistance of counsel since he had not submitted a sworn affidavit detailing counsel's deficiencies and had not shown that counsel had been given an opportunity to respond; and 3) even if petitioner had presented *prima facie* evidence of his eligibility for relief, the immigration judge would use his discretion and deny the motion because petitioner's criminal convictions were a "significant negative discretionary factor." (Resp. App'x at 20-22).

On February 1, 2012, petitioner filed his *pro se* § 2241 habeas petition seeking relief from confinement and deportation. On February 24, 2012, petitioner appealed the immigration judge's

decision denying his motion to reopen to the Board of Immigration Appeals (BIA). (Resp. App'x at 25). The BIA denied his appeal, and petitioner filed a petition for review of this decision with the Fifth Circuit on April 30, 2012. His petition for review was dismissed without prejudice by the Fifth Circuit on June 15, 2012, for failure to pay the filing fee. *See Morales-Salazar v. Holder*, No. 12-60342 (5th Cir. June 15, 2012).

## II. ANALYSIS

### A. <u>Availability of 212(c) Waiver</u>

Petitioner raises six grounds challenging his current incarceration and future deportation. In all of these grounds, he alleges that he has filed this habeas petition to challenge his initial 2000 deportation hearing. He claims that he should have been granted a discretionary waiver of deportation notwithstanding his criminal convictions because he pled guilty to an offense that did not make him eligible for deportation at that time. (Pet. at 6-7). Petitioner relies on *INS v. St. Cyr*, 533 U.S. 289 (2001), in support of his argument.

In *St. Cyr*, the Supreme Court first noted that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) changed the previous law. That previous law permitted lawful permanent residents who pled guilty to criminal offenses to seek, under certain circumstances, discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act of 1952 based on consecutive residency in the United States for at least seven years. Under the AEDPA, lawful permanent residents are precluded from seeking this discretionary relief where they have been convicted of an aggravated felony, two or more moral turpitude convictions, a drug conviction, or certain weapons violations. The IIRIRA precludes the Attorney General from cancelling the removal of an alien who

has previously been convicted of an aggravated felony. *St. Cyr*, 533 U.S. at 295-297. The Supreme Court held in *St. Cyr* that these changes in the law under the AEDPA and the IIRIRA do not apply retroactively to those aliens who were convicted of aggravated felonies and the other types of convictions that now preclude discretionary relief from deportation and where those convictions occurred prior to the enactment of these acts and were obtained through plea agreements. *Id*. at 326. The Supreme Court also held in *St. Cyr* that the AEDPA and the IIRIRA did not repeal federal district court jurisdiction over § 2241 habeas petitions challenging removal decisions by the BIA. *Id*. at 314.

*St. Cyr* clarified that petitioner is not excluded from seeking a discretionary waiver because his conviction for aggravated assault occurred before the enactment of the AEDPA. This Court, however, does not have jurisdiction to review any decision made concerning a discretionary waiver by Immigration and Customs Enforcement (ICE). After *St. Cyr* was handed down in 2001, Congress enacted the REAL ID Act in 2005, which altered the way in which noncitizens can seek judicial review of administrative review of removal orders. Under the REAL ID Act, a petition for review filed in the appropriate Court of Appeals is the exclusive means for judicial review of a removal order. 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005); *see also Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (a district court does not have jurisdiction to review a removal order). The Fifth Circuit has specifically held that a district judge does not have habeas jurisdiction under § 2241 to hear a challenge to an immigration judge's denial of discretionary relief under § 212(c). *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006). Furthermore, the Fifth Circuit has viewed challenges to denials of motions to reopen immigration cases as properly brought as petitions for

review with the Court of Appeals. *See Riera-Elena v. Mukasey*, 277 Fed. App'x 400, 401 (5th Cir. May 2, 2008) (addressing a challenge to the BIA's denial of a motion to reopen as a petition for review); *Munoz-Sigala v. Moore*, 197 Fed. App'x 363, 364-66 (5th Cir. Sept. 7, 2006) (same). Therefore, this Court does not have jurisdiction over petitioner's habeas petition either to review the initial denial of discretionary relief by the immigration judge in 2000 or the recent denial of petitioner's motion to re-open. The proper vehicle for such a challenge is a petition for review in the Fifth Circuit.[1]

**B.     8 U.S.C. 1326(d)**

Petitioner also alleges in his habeas petition that the prior deportation order cannot be the basis for his current illegal re-entry conviction because he did not receive adequate due process at his 2000 deportation hearing. His claim is premised on his attorney's failure to advise him of the possibility that he could receive a § 212(c) waiver and the immigration judge's failure to advise him of his right to appeal. (Pet. at6-7).

When a defendant is charged with illegal re-entry, he may collaterally challenge the underlying deportation order pursuant to 8 U.S.C. § 1326(d) only if he has exhausted all administrative remedies, if the deportation proceedings improperly denied him the opportunity for judicial review, and if the prior removal order was fundamentally unfair. However, the appropriate

---

[1] Petitioner filed a petition for review with the Fifth Circuit in April of 2012, but apparently did not pursue it. Nevertheless, the Fifth Circuit has held that denials of § 212(c) discretionary relief are exercises of discretion that do not present a question of law or a constitutional claim over which that Court has jurisdiction under the REAL ID Act. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006); *see also* 8 U.S.C. § 1252(a)(2). In addition, although petitioner cites *Padilla v. Kentucky*, 559 U.S. 356 (2010), as support for his claim that his attorney at his 1993 guilty plea was ineffective for failing to advise him that his plea could have immigration consequences (Brief at 5), the Supreme Court has recently held that *Padilla* does not extend to convictions that were final prior to that 2010 decision. *See Chaidez v. United States*, 2013 WL 610201, *10 (U.S. Feb. 20, 2013). Petitioner's conviction for aggravated assault became final many years before *Padilla* , and therefore his attorney cannot be considered constitutionally ineffective if he failed to advise petitioner of the immigration consequences of his guilty plea.

5

time and place to collaterally challenge the underlying deportation order is during his illegal re-entry criminal proceeding. *See* § 1326(d) (outlining the limitations in challenging the underlying deportation order "[i]in a criminal proceeding under this section"); *see also United States v. Villanueva-Diaz*, 634 F.3d 844, 849-52 (5th Cir. 2011) (addressing a collateral challenge under § 1326(d) on direct appeal after a motion to dismiss the indictment alleging illegal re-entry was denied); *United States v. Rodriguez-Perez*, 428 Fed. App'x 324, 328 (5th Cir. June 9, 2011) (addressing a collateral challenge under § 1326(d) on direct appeal). Therefore, to the extent that petitioner's grounds for relief could be construed as a challenge under § 1326(d), a § 2241 petition is not the appropriate vehicle to raise such a challenge.

Petitioner's challenge to his confinement and future deportation should be dismissed for lack of jurisdiction.

### III.  RECOMMENDATION

The Court should **DISMISS** his challenge under 28 U.S.C. § 2241 to his confinement and future deportation without prejudice for lack of jurisdiction.

**SIGNED this 28th day of February, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                      _____
                       IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE